OCKRANT ET AL., APPELLANTS, *v.* RAILWAY SUPPLY & MFG. CO. ET AL., APPELLEES.*

(No. 8697—Decided February 15, 1960.)

*Messrs. Cohen, Baron, Druffel & Hogan,* for appellants.
*Messrs. Frost & Jacobs,* for appellees.

*Motion to certify the record overruled, May 25, 1960.

Matthews, P. J.   The natural persons to this proceeding had been associated in business for many years, and by March 9, 1956, the business had developed over a wide area, in the form of branches carried on in corporate and other forms.   Evidently dissatisfaction developed during the years, and this led them to conclude to enter into this very complicated contract to allocate certain assets to each, with adjustment by cash payments.   The amount in cash and assets was large and manifestly the parties contemplated that disputes would arise as to the interpretation of the terms of the contract, and whether the parties had performed their respective obligations.   At any rate they incorporated a provision for arbitration against the possibility of disputes arising.   This agreement to arbitrate is paragraph 12 of the agreement and is as follows:

"12. *Arbitration.*—Any dispute arising out of, based upon or connected with this agreement shall be submitted to arbitration at the place most convenient for the arbitration of the dispute, in accordance with the rules and regulations of the American Arbitration Association then obtaining.   The fees and expenses in connection therewith of the American Arbitration Association shall be borne by the parties hereto in equal shares."

Disputes did arise and Wm. Ockrant and Babette Ockrant, parties to the agreement, demanded arbitration, quoted the provision for arbitration, and did all things required to initiate the arbitration proceeding, and to invoke the facilities of that association for conducting arbitration proceedings.

The board of arbitrators met under the auspices of the American Arbitration Association, heard the evidence, and on November 18, 1958, made and delivered its award in accordance with the rules of the association.

It should be noted here that at no place in the agreement to arbitrate, or in the award, or at any other place in the proceeding was any reference made to the forum in which the award could be enforced, or the place where the award was made. Neither the Court of Common Pleas nor any other court was mentioned.

On December 4, 1958, this proceeding was commenced by the filing of an "Application for Order Confirming Arbitration Award, Pursuant to Chapter 2711, Ohio Revised Code."

At the hearing of this application, the defendants raised the issue of the jurisdiction of the court to entertain this application and to enter a summary judgment in this proceeding on the award.

The court, after due consideration, reached the conclusion that the Court of Common Pleas had no jurisdiction and dismissed the proceeding. This appeal is from that order.

This is not a common-law action for breach of contract. It is a special proceeding under Chapter 2711 of the Revised Code. It invokes the remedies provided for by that chapter and the authority of the court to award those remedies must be found in that chapter.

We are of the opinion that Section 2711.08, Revised Code, is controlling. It provides:

"The award made in an arbitration proceeding must be in writing, must designate the county in which it was made, and must be signed by a majority of the arbitrators. A true copy of such award without delay shall be delivered to each of the parties in interest. The parties to the arbitration agreement may specify therein the county in which the arbitration shall be held and the award made and thereupon the Court of Common Pleas of such county shall have exclusive jurisdiction to order the arbitration to proceed and to confirm, modify, correct, or vacate the award and enter judgment thereon, and such specifications shall conclusively be deemed the irrevocable consent of the parties thereto to such jurisdiction."

It will be observed that the jurisdiction of the Court of Common Pleas is dependent on the parties specifying in the arbitration agreement the county in which the arbitration "shall be held and the award made." We find that no such specification, either expressly or by implication, was made in this arbitration agreement.

It is our opinion that this is not a statutory arbitration. It is a non-statutory arbitration, conducted in accordance with the rules, and under the auspices of the American Arbitration Association.

For these reasons, the judgment is affirmed.

*Judgment affirmed.*

LONG and O'CONNELL, JJ., concur.