Ken Carver & Sons, Inc., Appellee, *v.* Lenahan, a. k. a. Myers, Appellant.

[Cite as Ken Carver & Sons, Inc., v. Lenahan, 8 Ohio App. 2d 13.]

(No. 7431—Decided December 17, 1963.)

*Messrs. Solsberry & Ketcham* and *Mr. Victor A. Ketcham,* for appellee.

*Mr. William M. Sillins,* for appellant.

Bryant, J.  This is an appeal on questions of law in the matter of the arbitration award in a dispute between Ken

Carver & Sons, Inc., appellee, hereinafter called Carver, and Florence Lenahan, a. k. a. Mrs. William G. Myers, appellant, hereinafter called Mrs. Myers. Mrs. Myers has appealed to this court on questions of law from a judgment of the court below for $2,818.31 in favor of Carver and against Mrs. Myers.

It appears that Carver and Mrs. Myers entered into a contract for the remodeling of two residence properties located at 1445 and 1451 Neil Avenue, Columbus, Ohio. Under this contract the two residence buildings were to be joined and made into apartments. This contract includes a clause for arbitration which reads as follows:

"Any disagreement arising out of this contract or for the breach thereof, shall be submitted to arbitration and *this agreement shall be specifically enforceable under the prevailing arbitration law, and judgement [judgment] upon the award rendered may be entered in the highest court of the forum, state or federal, having jurisdiction.* It is mutually agreed that the decision of the arbitrators shall be a condition precedent to any right of legal action that either party may have against the other.

"The parties may agree upon one arbitrator; otherwise there shall be three; one named in writing by each party of this contract, within five days after notice of arbitration is served by either party on the other, and a third arbitrator selected by those two arbitrators within five days thereafter. No one shall serve as an arbitrator who is in any way financially interested in this contract or in the affairs of either party thereto.

"The written request of either party, at any time prior to the complete appointment of arbitrators, as provided above, or in the event or lapse in the proceeding, the arbitration shall be held under the Standard form of Arbitration Procedure of the American Institute of Architects, or of the rules of the American Arbitration Association." (Emphasis added.)

In course of the work, a disagreement arose between the parties to the contract, and on November 25, 1961, Carver served a notice of arbitration on Mrs. Myers, reading as follows:

"This will serve as notice that Ken Carver and Sons, Inc., an Ohio corporation, specifically requests arbitration of disagreement arising out of a certain contract by and between yourself and said corporation for additions and alterations to

existing property at 1445 and 1451 Neil Avenue, Columbus, Ohio, said disagreement being that said Ken Carver and Sons, Inc., claims, as balance due under said contract and for duly authorized extras in said construction the sum of $3,193.81.

"Ken Carver and Sons, Inc., hereby agrees that Corwin Knowles, 2372 Farleigh Road, Columbus, Ohio, shall serve as the sole arbitrator hereof, subject only to the agreement of yourself that he shall serve as such sole arbitrator. In the event that Corwin Knowles is not agreed upon as the sole arbitrator by you, within five days after notice of this arbitration is served upon you, then and in such event Ken Carver and Sons, Inc., shall be deemed to have named Corwin Knowles as its choice for one of the three arbitrators, as provided for in said section 18 of the contract aforesaid.

"Ken Carver and Sons, Inc., specifically calls for the application of the existing arbitration laws of the state of Ohio."

Mrs. Myers did not accept Corwin Knowles as sole arbitrator and appointed William Higginbotham as her arbitrator, and these two appointed Roy Knapp as the third arbitrator, all three being builders.

On April 26, 1962, an award was made by the three arbitrators by letter addressed to the two Columbus attorneys for the parties, which reads as follows:

"As arbitrators on the dispute of contract between Mr. Ken Carver (Builder) and Mrs. Myers (Owner of apartment) located at 1445 Neil Avenue, we have reached a decision as follows:

"Mr. Carver is to repair canopy at front entry, caulk and touch up paint on outside woodwork, repair leak in roof; repair wall which was damaged by leak, remove concrete section in parking area and replace stone as in original contract.

"Please give Mrs. Myers a credit of $375.50 (this credit also includes damages for section of roof omitted)."

The award was not accepted by Mrs. Myers and, as a result, Carver on February 15, 1963, filed an application for confirmation of arbitration award claiming $2,818.31. The matter came on for hearing before the court below and the court declined to confirm the award because of the uncertainty of the terms thereof. Subsequently, the question appears to have been referred back to the board of arbitrators, and on May 3, 1963,

a certification by the arbitrators was filed, reading as follows:

"The undersigned arbitrators in the arbitration between Ken Carver & Sons, Inc. and Mrs. Florence G. Myers hereby certify that the $375.50 credit ordered to be given Mrs. Myers in the arbitrator's decision dated April 21, 1962, was intended by them and should be given as a credit against the $3,193.81 claimed by Ken Carver & Sons, Inc., as due from Mrs. Myers on the balance of the contract plus authorized extras as set forth in the notice of arbitration sent by Ken Carver & Sons, Inc. to Mrs. William G. Myers. This credit makes the amount due from Mrs. Myers to Ken Carver & Sons, Inc., $2,818.31."

On the same date the court below signed a journal entry awarding judgment in favor of Carver and against Mrs. Myers in the amount of $2,818.31. A motion for a new trial was overruled and notice of appeal on questions of law was filed in this court.

On behalf of Mrs. Myers, four errors were assigned as follows:

"1. The trial court erred in finding that the arbitrators made a monetary award enforceable against appellant, such finding being contrary to law and the weight of the evidence.

"2. Appellees failed to establish any basis for relief requested under the statute.

"3. The trial court erred in granting relief other than that prayed for and barred by a statute of limitations.

"4. The trial court erred in taking jurisdiction, the original award being void ab initio."

At the outset, we shall give consideration to the fourth assignment of error. It is the claim on behalf of Mrs. Myers that the award of the arbitrators is void because under the provisions of Section 2711.08, Revised Code, it is provided that the award must designate the county in which it is made, and the award in this case makes no such designation. Section 2711.08, *supra*, provides as follows:

"The award made in an arbitration proceeding must be in writing, must designate the county in which it was made, and must be signed by a majority of the arbitrators. A true copy of such award without delay shall be delivered to each of the parties in interest. The parties to the arbitration agreement may specify therein the county in which the arbitration shall

be held and the award made and thereupon the Court of Common Pleas of such county shall have exclusive jurisdiction to order the arbitration to proceed and to confirm, modify, correct, or vacate the award and enter judgment thereon, and such specifications shall conclusively be deemed the irrevocable consent of the parties thereto to such jurisdiction."

Counsel for Mrs. Myers relies upon the provisions of the first sentence, namely, that the award "must designate the county in which it was made" and that this award failing so to do is therefore void. Reliance is placed also upon the decision of the Hamilton County Court of Appeals in the case of *Ockrant* v. *Railway Supply & Mfg. Co.* (1960), 111 Ohio App. 276, the two paragraphs of the syllabus reading as follows:

"1. Where an arbitration award is made by a board of arbitrators under authority of an arbitration provision of a contract by which any dispute arising out of or based upon such contract 'shall be submitted to arbitration at the place most convenient for the arbitration of the dispute, in accordance with the rules and regulations of the American Arbitration Association then obtaining,' and at no place in the agreement to arbitrate, or in the award, or at any other place in the proceeding was any reference made to the forum in which the award could be enforced, or place where the award was made, it is not a statutory arbitration.

"2. In such case the Common Pleas Court is without jurisdiction to entertain a proceeding commenced by filing an 'Application for Order Confirming Arbitration Award, pursuant to Chapter 2711, Ohio Revised Code.'"

We think that case may be distinguished on the facts from the case now before us. In the *Ockrant case, supra*, the provision for arbitration as set forth in the official report reads as follows (p. 277):

" '12. *Arbitration.*—Any dispute arising out of, based upon or connected with this agreement shall be submitted to arbitration at the place most convenient for the arbitration of the dispute, in accordance with the rules and regulations of the American Arbitration Association then obtaining. The fees and expenses in connection therewith of the American Arbitration Association shall be borne by the parties hereto in equal shares.' "

In an article appearing in the Western Reserve Law Review, Vol. 13, No. 3, under date of June 1962, there appears the following at p. 498:

"While on the subject of arbitration, it is also noted that the Ohio Supreme Court denied certiorari in the case of *Ockrant v. Railway Supply and Manufacturing Company.* In this case it was held that in the absence of a designation of the county in which the arbitration award was made either in the agreement to arbitrate, in the award, or in any other place in the proceedings, the Common Pleas Court had no jurisdiction of a proceeding sought to be initiated by an application for an order to confirm the award. Based on dictum in the opinion of the Court of Appeals, it has been suggested that there may be some question about the application of the Ohio Arbitration Act if the agreement to arbitrate does not specify the county in which the proceeding shall be held, but the syllabus of the opinion contains no such statement, and there should be no real doubt on this point. The designation of the county in which the award is made in the award itself or in some other effective way in the course of the proceeding should be sufficient."

We have hereinbefore set forth provisions for arbitration in the case now before us which, among other things, contains the provision that in the event of disagreement or breach of the contract the issues shall be submitted to arbitration and "this agreement shall be specifically enforceable under the prevailing arbitration law, and judgment upon the award rendered may be entered in the highest court of the forum, state or federal, having jurisdiction."

In the contract between Carver and Mrs. Myers, the location of the project is specifically described as being at 1445 and 1451 Neil Avenue, Columbus, Ohio. The notice of arbitration was addressed to Mrs. Myers at a Columbus address and contained the name and address of her attorney at 50 West Gay Street, Columbus, Ohio. The award itself was addressed to the attorneys for the parties in care of their law offices, both located in Columbus, Ohio. We take judicial notice that (1) Columbus, Ohio, is located in Franklin County, Ohio, and that (2) the Common Pleas Court of Franklin County, Ohio, is the highest court of the forum having original jurisdiction of this case for the enforcement of the arbitration award.

It would seem clear that by giving effect to the language in the contract, jurisdiction was conferred upon the Franklin County Common Pleas Court from which we conclude that the fourth assignment of error is not well taken and must be overruled.

With respect to the third assignment of error, we find ourselves in disagreement with the contention of appellant that the statute of limitations barred relief for the reason that, in our opinion, the certification by arbitrators above referred to, filed May 3, 1963, was not an amendment or a modification of the award, but merely a clarification based upon facts already in the record, namely, that the total claim originally advanced by Carver was $3,193.81 and that the credit of $375.50 was a reduction or credit against that amount leaving a balance of $2,818.31. The third assignment of error must be overruled.

The other two assignments of errors which are that the judgment was contrary to law and the weight of the evidence and that Carver failed to establish a basis for the relief requested likewise must be overruled for the reason that, in our opinion, they are not well taken and the judgment is pursuant to law and in accordance with the undisputed evidence.

For the reasons above set forth, the four errors assigned are not well taken and must be overruled, the judgment of the court below must be affirmed at the costs of the appellant, and the cause remanded to the court below.

*Judgment affirmed.*

DUFFY, P. J., and TROOP, J., concur.