[Cite as *Shaffer v. Jones*, 2017-Ohio-7730.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| PETER SCHAFFER, | : | APPEAL NO. C-160684 |
| | | TRIAL NO. A-1303707 |
| Plaintiff-Appellee, | : | |
| vs. | : | *O P I N I O N.* |
| ADAM JONES, | : | |
| Defendant, | : | |
| and | : | |
| AARON CUDWORTH, | : | |
| THOMAS URBANSKI, | : | |
| and | : | |
| KATHLEEN URBANSKI, | : | |
| Proposed Intervenors-Appellants. | : | |

Civil Appeal From:  Hamilton County Court of Common Pleas

Judgment Appealed From Is:  Affirmed

Date of Judgment Entry on Appeal:  September 22, 2017

*Peter Schaffer*, pro se,

*Weltman, Weinberg & Reis, Co., L.P.A.,* and *David S. Brown*, for Proposed Intervenors-Appellants.

**CUNNINGHAM, Presiding Judge.**

{¶1}    Proposed intervenors-appellants, Aaron Cudworth, Thomas Urbanski, and Kathleen Urbanski, challenge the trial court's August 3, 2016 order denying their motion to intervene in this action to confirm an arbitration award initiated by plaintiff-appellee Peter Schaffer.  Schaffer is the lawyer and registered agent for defendant Adam Jones, a professional football player employed by the Cincinnati Bengals.  The proposed intervenors and Schaffer are each judgment creditors of Jones.   They sought intervention in Schaffer's action arguing that the judgment for Schaffer in this case is void, and that Jones' cooperation with Schaffer, or failure to contest the validity of the judgment here, resulted in the preference of Schaffer's judgment ahead of all other valid claims including those of the proposed intervenors.  Because the proposed intervenors did not accompany their motion to intervene with a pleading as required by Civ.R. 24(C), we affirm the trial court's denial of their motion to intervene.

### Jones' Multiple Judgment Creditors

{¶2}    In the summer of 2012, the proposed intervenors obtained judgments totaling over $14 million against Jones in a Nevada court for intentional infliction of emotional distress.  The judgments were transferred to municipal courts in Cleveland, Ohio for execution in late 2012 and 2013.

{¶3}    Since 2012, Schaffer has negotiated Jones' football contracts and provided other services to Jones.  On April 23, 2013, Schaffer obtained an arbitration award in the amount of $113,250 against Jones for fees related to Jones' 2012-2013 player contract with the Bengals, as well as for repayment of a personal loan to Jones for $7,500.  In May 2013, Schaffer commenced this action to confirm the arbitration award.

{¶4}   In July and August 2013, the proposed intervenors filed garnishments of Jones' personal earnings naming the Bengals as garnishee. On September 27, 2013, the trial court confirmed Schaffer's arbitration award and Schaffer filed for garnishment of Jones' earnings, also naming the Bengals as garnishee. The proposed intervenors filed second and third garnishments.

{¶5}   In 2014, Schaffer obtained a second arbitration award against Jones for contract fees for $220,750. Schaffer filed a motion to amend the judgment in this case. The trial court quickly granted the motion and in October 2014 issued an order of continuous distributions. In November 2015, Schaffer obtained a third arbitration award against Jones for agent fees. On Schaffer's motion, the trial court again amended the judgment to include this award. Schaffer obtained a fourth arbitration award in March 2016 which was also added to an amended judgment. The proposed intervenors claimed that Schaffer's initial judgment had ballooned to over $1.1 million by December 2015.

{¶6}   Since Jones had multiple judgment creditors throughout this period, each parties' garnishment—the proposed intervenors' and Schaffer's—was subject to a stacking order under R.C. 2716.041(D). According to the statute, each party enjoyed its 182-day turn to receive a portion of Jones' personal earnings, often as high as $25,000 per week. Schaffer claims that the proposed intervenors have collected nearly $600,000 in garnishment since 2013 and continued to share in the garnished funds during their stacking periods.

{¶7}   The proposed intervenors filed a declaratory-judgment action with another judge of the common pleas court. In the case numbered A-1603512, they sought a preliminary and permanent injunction against the confirmation of the arbitration awards in this case. The proposed intervenors alleged that Schaffer's careful

manipulation of Jones' personal earnings during the 16-week football season and the timing of Jones' multimillion dollar signing bonuses had served to irreparably harm their interests. They also alleged that the trial court's continuous amendment of its judgment in this case was not authorized by law and was void. The court denied the injunctive relief and the proposed intervenors dismissed their action.

{¶8}    On June 30, 2016, the proposed intervenors moved the trial court to intervene in this action pursuant to Civ.R. 24(A)(2). Claiming an interest in "any funds" garnished from Jones' personal earnings, they argued that Schaffer and Jones colluded to minimize the funds available for their garnishment, and that the trial court was without authority to continuously reopen and amend its judgment. While the proposed intervenors' motion was supported by a lengthy memorandum, it was not accompanied by a pleading as required by Civ.R. 24(C).

{¶9}    After receiving memoranda in support of and opposition to the motion and after entertaining thorough oral argument, the trial court denied the motion to intervene. This appeal ensued.

### The Trial Court's Denial of the Motion to Intervene Is a Final Order

{¶10}    Because an appellate court's jurisdiction is limited to review of final judgments or orders, we must determine our jurisdiction to proceed before reaching the merits of any appeal. *See* Ohio Constitution, Article IV, Section 3(B)(2); *see also* R.C. 2505.03(A); *State ex rel. White v. Cuyahoga Metro. Hous. Auth.*, 79 Ohio St.3d 543, 544, 684 N.E.2d 72 (1997). An order that is entered in a special proceeding and that affects a substantial right is a final appealable order under R.C. 2505.02(B)(2).

{¶11}    The underlying action in this case is Shaffer's complaint for confirmation of an arbitration award brought under R.C. 2711.09. *See Walters v. Enrichment Ctr. of Wishing Well, Inc.*, 78 Ohio St.3d 118, 121-122, 676 N.E.2d 890

(1997). Proceedings set forth in R.C. Chapter 2711 are special proceedings because they were not recognized at common law or equity and were legislatively provided for in 1953 by the Ohio Arbitration Act, R.C. 2711.01 et seq. *See Kelm v. Kelm*, 93 Ohio App.3d 686, 691, 639 N.E.2d 842 (10th Dist.1994); *see also MBNA Am. Bank, N.A. v. Anthony*, 5th Dist. Tuscarawas No. 05AP090059, 2006-Ohio-2032, ¶ 12. Thus the trial court's order denying the proposed intervenors' motion was an order entered in a special proceeding under R.C. 2505.02(A)(2). *See Buyer's First Realty, Inc. v. Cleveland Area Bd. of Realtors*, 139 Ohio App.3d 772, 782, 745 N.E.2d 1069 (8th Dist.2000); *see also Ockrant v. Ry. Supply & Mfg. Co.*, 111 Ohio App. 276, 278, 165 N.E.2d 233 (1st Dist.1960); *Ohio Council 8, Am. Fedn. of State, Cty. & Mun. Emps., AFL-CIO v. Cent. State Univ.*, 16 Ohio App.3d 84, 474 N.E.2d 647 (2d Dist.1984).

{¶12} A motion to intervene is a right recognized by Civ.R. 24, the denial of which ordinarily affects a party's substantial right to intervene and is immediately appealable. *See* R.C. 2505.02(A)(1). But the denial of a motion to intervene does not affect a substantial right "when the purpose for which intervention was sought may be litigated in another action." *Gehm v. Timberline Post & Frame*, 112 Ohio St.3d 514, 2007-Ohio-607, 861 N.E.2d 519, ¶ 37 (construing finality under R.C. 2505.02(B)(1) for an order that determines the action and prevents a judgment).

{¶13} By contrast, here, the proposed intervenors' attempt to assume the rights of parties to this action constitutes the sole means by which they can attack the judgments entered in Schaffer's award-confirmation complaint. They are not seeking simply a modification of their garnishment rights by means of R.C. 2716.041 or 2716.09, or a third-party claim under R.C. 2329.84. Rather, the essence of their motion is that Schaffer and Jones colluded to minimize the funds available for their garnishment, and that the trial court is without authority to continuously reopen and

amend its judgment. The proposed intervenors cannot attempt to review, invalidate, or reverse the trial court's previously adjudicated orders and judgments in this action by resort to other actions such as a declaratory-judgment action. *See Lingo v. State*, 138 Ohio St.3d 427, 2014-Ohio-1052, 7 N.E.3d 1188, paragraph one of the syllabus. Because the proposed intervenors' motion to intervene constituted the sole means available to secure the rights they seek, the trial court's denial of the motion affected a substantial right. *See Southside Community Dev. Corp. v. Levin*, 116 Ohio St.3d 1209, 2007-Ohio-6665, 878 N.E.2d 1048, ¶ 8. Thus, the trial court's order denying the proposed intervenors' motion is a final appealable order under R.C. 2505.02(B)(2).

### *The Motion to Intervene is not Accompanied by a Pleading*

{¶14} In a single assignment of error, proposed intervenors claim that the trial court erred in denying their motion to intervene. They argue that they had properly claimed an interest relating to the transaction involved in Schaffer's award-confirmation complaint, that Schaffer's garnishment of Jones' personal earnings would impair and impede their ability to protect their interests as judgment creditors of Jones, and that their motion to intervene was timely. Schaffer argues, inter alia, that because the proposed intervenors failed to observe the requirement of Civ.R. 24(C) to attach a pleading to their motion, the motion was properly denied. We agree.

{¶15} We review the trial court's denial of a motion to intervene under an abuse-of-discretion standard. *State ex rel. Merrill v. Ohio Dept. of Natural Resources*, 130 Ohio St.3d 30, 2011-Ohio-4612, 955 N.E.2d 935, ¶ 41, citing *State ex rel. First New Shiloh Baptist Church v. Meagher*, 82 Ohio St.3d 501, 503, 696 N.E.2d 1058 (1998), fn. 1. The term "abuse of discretion" connotes more than an error in judgment. *See Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983). To abuse its discretion, a court must have acted unreasonably, arbitrarily, or unconscionably. *See*

*Huffman v. Hair Surgeon, Inc.*, 19 Ohio St.3d 83, 87, 482 N.E.2d 1248 (1985). The proposed intervenors do not argue that the trial court's actions were arbitrary or unconscionable. Thus if the court's exercise of its discretion exhibits a sound reasoning process that supports its decision, this court will not disturb its determination. *See AAAA Ents., Inc. v. River Place Community Urban Redev. Corp.*, 50 Ohio St.3d 157, 161, 553 N.E.2d 597 (1990).

{¶16}  Civ.R. 24(C) provides that:

> A person desiring to intervene shall serve a motion to intervene upon the parties as provided in Civ.R. 5. The motion and any supporting memorandum shall state the grounds for intervention and *shall be accompanied by a pleading, as defined in Civ.R. 7(A)*, setting forth the claim or defense for which intervention is sought. The same procedure shall be followed when a statute of this state gives a right to intervene.

(Emphasis added.)

{¶17}  The prior version of Civ.R. 24(C) also required that a motion to intervene be accompanied by a pleading, but did not cite to Civ.R. 7(A). In 1999, Civ.R. 24(C) was amended, and the reference to Civ.R. 7(A) was added "to clarify that the 'pleading' to be filed with a motion to intervene requires more than just a memorandum in support of the motion to intervene." 1999 Staff Note, Civ.R. 24(C). Pursuant to Civ.R. 7(A):

> There shall be a complaint and an answer; a reply to a counterclaim denominated as such; an answer to a cross-claim, if the answer contains a cross-claim; a third-party complaint, if a person who was not an original party is summoned under the provisions

7

of Civ.R. 14; and a third-party answer, if a third-party complaint is served. No other pleading shall be allowed, except that the court may order a reply to an answer or a third-party answer.

**{¶18}** The pleading requirement is "logical, as the applicant is asking to be made a party to the existing action." 1 *Baldwin's Ohio Practice, Civil Practice*, Section 24:26 (2016). When a motion to intervene is not accompanied by a pleading, as required by Civ.R. 24(C), the motion should be denied. *State ex rel. Sawicki v. Court of Common Pleas of Lucas Cty.*, 121 Ohio St.3d 507, 2009-Ohio-1523, 905 N.E.2d 1192, ¶ 21-22; *see State ex rel. Wilkinson v. Reed*, 99 Ohio St.3d 106, 2003-Ohio-2506, 789 N.E.2d 203, fn. 1.

**{¶19}** Here the proposed intervenors did not accompany their motion with a pleading as defined in Civ.R. 7(A). They had asserted below that attaching a pleading was "not required," and was "unnecessary and redundant" where one seeks intervention to vacate the judgment below. They note that Ohio courts have tacitly acknowledged the procedure they attempted here: post-judgment intervention along with a motion to vacate under Civ.R. 60(B). *See Millers v. Kasnett*, 2015-Ohio-298, 26 N.E.3d 915 (8th Dist.); *see also Pliable Veneers, Inc. v. Omni Store Fixtures Corp.*, 6th Dist. Lucas No. L-96-145, 1997 WL 276214 (May 23, 1997); *Nicholas v. State Farm Ins.*, 11th Dist. Trumbull No. 99-T-0030, 2000 WL 757355, *4 (June 9, 2000).[1] We disagree.

**{¶20}** First, we note that a Civ.R. 60(B) motion for relief from judgment is not a pleading as enumerated in Civ.R. 7(A). And the proposed intervenors have failed to accompany their motion to intervene even with a proposed Civ.R. 60(B) motion.

---

[1] We note that this court has also affirmed a trial court's granting of a motion to intervene and a Civ.R. 60(B) motion. *See Pfeiffer v. State Farm Mut. Ins. Co.*, 1st Dist. Hamilton No. C-050683, 2006-Ohio-5074. But as in the cases cited by the proposed intervenors, we did not discuss the Civ.R. 24(C) pleading requirement.

Second, and more importantly, none of the cases advanced by proposed intervenors contain any mention of Civ.R. 24(C) much less an express statement that the pleading requirement is optional when the intervenor seeks ultimately to file a motion for relief from judgment. We are unwilling to ignore the express requirements placed on an intervenor by the Ohio Supreme Court and Civ.R. 24(C). *See Yemma v. Reed*, 7th Dist. Mahoning No. 16 MA 0015, 2017-Ohio-1015, ¶ 46-47 (Upholding trial court's denial of motion to intervene in a tax foreclosure action where intervenor who ultimately sought relief from the foreclosure decree failed to attach a pleading to his motion to intervene.).

{¶21} Since the proposed intervenors' motion to intervene was not accompanied by a pleading as described in Civ.R. 7(A), the trial court's denial of their motion was not an abuse of discretion, as the denial was supported by a sound reasoning process. *See* Civ.R. 24(C); *see also State ex rel. Sawicki*, 121 Ohio St.3d 507, 2009-Ohio-1523, 905 N.E.2d 1192, at ¶ 21-22; *AAAA Ents., Inc.*, 50 Ohio St.3d at 161, 553 N.E.2d 597. The assignment of error is overruled.

{¶22} Therefore, the trial court's August 3, 2016 order denying the proposed intervenors' motion to intervene is affirmed.

Judgment affirmed.

**MYERS** and **MILLER, JJ.,** concur.

Please note:

The court has recorded its own entry on the date of the release of this opinion.